

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 19, 1974

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 330

Re: Fees of appointed counsel
representing both a criminal
defendant and a juvenile in
different courts on the same
day. Sec. 51.10(i), Family
Code, V.T.C.S.; Art. 26.05,
V.T.C.C.P.

Dear Mr. Resweber:

You have asked our opinion on the following question:

> Is a lawyer entitled to receive a $50.00 fee for
> representing a defendant in a criminal proceeding
> in the District Court when such lawyer has already
> been paid $50.00 for representing, on appointment,
> a juvenile in the Juvenile Court on the same day?

Compensation for appointed counsel in criminal cases is governed by
Article 26.05 of the Code of Criminal Procedure which provides in pertinent
part:

> Sec. 1. A counsel appointed to defend a person
> accused of a felony or a misdemeanor punish-
> able by imprisonment, or to represent an in-
> digent in a habeas corpus hearing, shall be paid
> from the general fund of the county in which the
> prosecution was instituted or habeas corpus
> hearing held, according to the following schedule:
> (a) For each day or a fractional part thereof
> in court representing the accused, a reasonable
> fee to be set by the court but in no event to be
> less than $50.00.
>
> . . .
>
> Sec. 4. An attorney may not receive more than one
> fee for each day in court, regardless of the number

p. 1530

of cases in which he appears as appointed counsel
on the same day.

Section 4 of Art. 26.05 has been consistently interpreted by this office
as limiting an attorney to one fee per day even though he represents one
defendant on multiple indictments on the same day [Attorney General
Opinion No. H-298 (1974)], or represents several defendants on the same
day [Attorney General Opinion No. C-639 (1966)], or represents several
defendants in several different courts on the same day [Attorney General
Opinion No. C-713 (1966)].

Court appointments in juvenile matters are governed by Sec. 51.10
of the Texas Family Code. Subsection (i) of Sec. 51.10 provides:

> (i) . . . [A]n attorney appointed under this
> section to represent the interests of a child shall
> be paid from the general fund of the county in which
> the proceedings were instituted according to the
> schedule in Article 26.05 of the Texas Code of
> Criminal Procedure, 1965. . . .

The Family Code incorporates by reference "the schedule in Article
26.05," and we believe that this can only be read as incorporating the
entire schedule. In our opinion, the one fee per day limitation of Sec. 4
of Article 26.05 is an integral part of the fee schedule.

While these provisions limit an appointed attorney to a single fee per
day, it should also be noted that the attorney is statutorily entitled to a
"reasonable fee" and the reference to $50 only establishes a minimum
and is not a further limitation.

Thus, in our opinion, where an appointed attorney represents both
an indigent defendant in district court and a juvenile in juvenile court on
the same day, he may only be compensated by a single fee.

## S U M M A R Y

An appointed attorney who represents both an indigent criminal defendant in district court and a juvenile in juvenile court on the same day may not receive more than a single fee.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee